```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
RENATO MERLO PUERTO,                                              :
                                                                  :
                          Petitioner,                             :
              -against-                                           :   26-CV-405
                                                                  :
BILL LEEPER, in his official capacity as Sheriff,                 :   ORDER GRANTING
Nassau County Correctional Center; JUDITH                         :   PETITION FOR WRIT
ALMODOVAR, in her official capacity as Acting                     :   OF HABEAS CORPUS
New York Field Office Director, United States                     :
Immigration & Customs Enforcement; KRISTI                         :
NOEM, in her official capacity as Secretary, U.S.                 :
Department of Homeland Security; TODD M.                          :
LYONS, in his official capacity as Acting Director,               :
United States Immigration & Customs                               :
Enforcement; PAMELA BONDI, in her official                        :
capacity as Attorney General, U.S. Department of                  :
Justice,                                                          :
                                                                  :
                          Respondents.                            :
------------------------------------------------------------------X
```

**NINA R. MORRISON**, United States District Judge:

Petitioner Renato Merlo Puerto is presently detained by Respondents at the Delaney Hall Detention Facility in Newark, New Jersey. He is a Honduran citizen who has resided in the United States since 2004. Petitioner was taken into Respondents' custody and detained at the Nassau County Correctional Center on January 22, 2026, before being transferred to his present location on January 24, 2026.

1

On January 22, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his immediate release from detention.

On January 23, 2026, the Court issued a docket order directing Respondents to respond to the Petition and to show cause as to why it should not be granted; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those facts. On January 26, 2026, the Court granted Respondents' motion, with Petitioner's consent, to extend the time to file their response to January 27, 2026, in order to more fully investigate and provide the Court with the relevant facts and documentation required by the Court's order.

In their response filed on January 27, 2026, ECF No. 6, Respondents have averred that they are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). ECF No. 6 at 2. While Respondents take the position that such detention is lawful, they acknowledge that, in its decision in *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025), this Court previously considered and rejected Respondents' claims as to the

2

application of 8 U.S.C. § 1225(b)(2)(A) to persons similarly situated to Mr. Merlo Puerto. ECF No. 6 at 2–4. Respondents incorporate by reference the legal arguments that they made in their briefing to this Court in *Hyppolite,* obviating the need for further briefing as to the dispositive legal issue in this case. *Id.* at 4. On January 27, 2026, Petitioner filed a letter reply to Respondents' response, arguing that *Hyppolite* controls the outcome of this case. ECF No. 7 at 1.

Petitioner has alleged, and Respondents do not dispute, that Respondents did not provide him with a pre-detention bond hearing, which this Court found in *Hyppolite* is required for persons similarly situated to Petitioner.

Accordingly, as it did in *Hyppolite,* the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due process, because Petitioner has lived in the United States for 22 years and is therefore entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite v. Noem*, 25 CV 4303 (NRM), 2025 WL 2829511, at *12–16 (E.D.N.Y. Oct. 6, 2025); *see also, e.g., Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25 CV 05240 (TMC), 2025 WL 2782499, at *16–26 (W.D. Wash. Sep. 30, 2025);

3

*Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25 CV 3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases). Similarly, the Court finds that Petitioner has established that the mandatory detention provisions of 8 U.S.C. § 1225(a)(1) and (b)(2) relied upon by Respondents to justify the legality of Petitioner's detention are inapplicable here, because Petitioner has been living continuously in the United States and is not "seeking admission" under Section 1225.

The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 2025 WL 2829511, at *6–16. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the near-unanimous conclusion reached by hundreds of other district courts nationwide who have considered the issue to date. *Cf.* Resp., ECF No. 6 at 2 n.4 (citing the decisions of four district courts within the Second Circuit adopting Respondents' analysis).

The Court also finds that Petitioner has established that his detention without a pre-deprivation bond hearing violates his right to procedural due process under the Fifth Amendment to the United States Constitution. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty

4

interest" recognized under the Constitution is "the interest in being free from imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to determine "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 10:00 AM on Wednesday, January 28, 2026.**

In light of the fact that Petitioner is presently being held in Newark, New Jersey, it is further **ORDERED** that counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 1:00 PM on that same date (Wednesday, January 28, 2026),** confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Court's earlier order scheduling a hearing for January 31, 2026 is hereby vacated in light of the Court's resolution of the merits of the petition. Petitioner's

counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

Dated:  January 27, 2026  /s/ *Nina R. Morrison*
       Brooklyn, New York  Nina R. Morrison
                                               United States District Judge